## JULIUS LAUX v. FREDERIKA LAUX ET AL.

Decided December 7, 1898.

**1. Assignment of Error.**

The court will decline to consider assignments of error that are general and not made in conformity with the rules.

**2. Pleading—Verification of Answer.**

In an action of partition, a deed under which plaintiff claims is not the foundation of any pleading so as to require that an answer of the defendant denying its execution must be verified under subdivision 8 of article 1265 of the Revised Statutes.

**3. Deed—Evidence Sustaining Denial of Execution.**

For evidence held sufficient to sustain a denial of the execution of a deed by one whose name appeared as signed thereto, see the opinion.

**4. Judgment Omitting Issue of Foreclosure.**

A judgment in an action for partition and for foreclosure of a lien will not be disturbed on appeal for failing to adjudicate the foreclosure, where it will not operate as a bar to a subsequent suit for foreclosure.

APPEAL from Fayette. Tried below before Hon. H. TEICHMULLER.

*L. W. Moore* and *J. T. Duncan,* for appellant.

*Brown & Lane,* for appellees.

The assignments of error mentioned in the opinion as too general to be entitled to consideration were as follows: "(1) The court erred in overruling plaintiff's demurrer and exception to defendants first amended original answer. (3) The court erred in rendering judgment for defendants. (4) The court erred in its conclusions both as to the facts and the law."

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instiued by appellant against appellees on the 24th of October, 1895, to have partitioned between plaintiff and defendants 200 acres of land, in the possession of the defendants, and which plaintiff alleged was owned in common by himself and the two defendants; and for the further purpose of enforcing a vendor's lien upon one-half of the land. The petition alleged that said land was owned, at the time of her death in April, 1894, by one Bertha Laux, who was the daughter of the said Frederika, and the sister of plaintiff and of the defendant, F. C. Laux; and that plaintiff and the defendants were the only heirs of the said Bertha; that she died intestate; that no administration had been granted upon her estate, and that there was no necessity for an administration, as there were no debts against the estate other than those due plaintiff; and concluded with prayer for the partition of the land between the parties, giving one-half to the defendant Frederika and one-fourth to plaintiff and defendant F. C. Laux, each; subject, however, to a vendor's lien upon one undivided half of said 200 acres, in favor of plaintiff, for balance due from the said Bertha, at time of her death, to plaintiff for purchase money of the undivided half of said lands sold to her by plaintiff, and for the enforcement of said lien.

Defendants answered by general demurrer and general denial, and plea of not guilty, and specially, that the estate of the said Bertha at the time of her death consisted exclusively of personal property amounting in value to about the sum of $140, and that a part of this property defendants had disposed of for the sum of $60, which had been applied by them to the payment in part of the burial expenses and the expenses of the last illness of the said Bertha; that the defendant F. C. Laux during the last sickness of the deceased, and after her death, incurred expenses in the way of medical and doctor's bills and burial expenses, giving the items of such expenses; and for which the answer averred he was entitled to reim-

bursement out of the property of said estate. And the defendant Frederika expressly denied that she had ever sold her estate in such lands to the plaintiff or to the deceased, Bertha Laux; and alleged that the lands were purchased by her deceased husband, F. C. Laux, during their marriage, and that shortly after the purchase, in the year 1866, they settled upon the lands and made their homestead thereon, and said lands continued to be the homestead of her husband until his death, and still remained her homestead; that she had never resided elsewhere since she and her husband settled thereon; that after her husband's death the said Bertha Laux, who was the daughter of defendant, resided with her and managed and controlled the farm for defendant, leasing the land and collecting the rents, etc.; but that said Bertha never asserted any right or claim to the lands by purchase from defendant; that her son F. C. Laux had also resided with defendant, and that he has, while so residing with her, made permanent and valuable improvements upon the land. That the lands are jointly owned by her and her two sons, subject to her right of homestead; and that upon a partition of the land the defendant C. F. Laux should receive compensation for the aforesaid improvements, which are itemized in the answer; and prayer for such compensation is made by both defendants in case the court should decree a partition of the property. The defendants further aver that the plaintiff, Julius Laux, claims that on the 13th day of November, 1882, the defendant Frederika and her husband, F. C. Laux, made a deed of conveyance of said lands to said Julius and the said Bertha Laux; and defendant Frederika denies that she executed said deed, and that she has no recollection of ever executing the said instrument; and if ever she did, which she does not admit, but denies the same, then she avers she was not apprised of the contents or purport of said deed; that she never intended to execute such a deed, and if she did do so, she did not know that she was executing such an instrument at the time she executed the same; that if she executed said instrument, which she does not admit, but expressly denies, the same was not explained to her by the notary who took her acknowledgment thereto, but on the contrary avers that if she ever signed the same, said notary induced her to believe that it was entirely a different paper from the one it is now claimed to be; that she never intended to convey said land to any one; that nothing was ever paid her by her son, the said Julius, or her daughter, the said Bertha; nor did either pay anything to their father, the said F. C. Laux, for the execution of said instrument, and that said conveyance was without consideration; that same was never delivered, to her knowledge or with her consent, 'to either said Julius or the said Bertha; but that if ever she did make said deed, which she does not admit, but denies, she intended only to make an instrument which would give the property to her said children after the death of her husband and herself; and if said instrument was executed by her, and if the same should be held to be a will, she expressly retracts and revokes the same; and the defendant charges that the plaintiff knows, and has all the while known, that defendant, the said Frederika, never intended and in fact never did

convey said lands or any part thereof to him or to the said Bertha, and that if said instrument was placed upon record it was clandestinely done, and without her knowledge and consent, and that she did not know same was upon record until she was apprised of the fact after the institution of this suit. That the possession of said premises has ever remained with defendant; that she never delivered possession of said lands or any part thereof to either said Julius or the said Bertha, nor has possession ever been demanded by either, nor did either ever demand the rents or revenues from said lands; that the said Bertha resided with defendant as a member of her family, she being an unmarried daughter of defendant; that the plaintiff knew and now knows that his mother never executed said instrument, or that if she did do so, she was deceived and induced to do so without knowing its contents; and the answer averred that defendant did not know until after the institution of this suit that said Julius had made a conveyance to said Bertha for said land. There are other averments in this special answer of the defendants which need not be recited. This answer was not sworn to by either defendant.

Upon trial of the cause, without the intervention of a jury, judgment was rendered that the plaintiff take nothing by his suit, and that he pay all costs, and that the defendant go hence without day, but that the judgment should not affect the rights of the parties to the suit in the personal property of the estate of the said Bertha, nor the rights of the parties as to the notes given by her to plaintiff as averred in his petition.

Several of the assignments of error, the first, *second*, third, and fourth, are objected to by appellees as not made in conformity to the rules of court, because of their generality; and the objection is sustained, and the court declines to consider these assignments. But the writer for himself will consider and discuss what he conceives to be the principal objections urged by appellant, under these assignments, to the affirmance of the judgment.

The gravamen of the appellant's complaint is, that the court permitted the defendants to offer evidence in support of the averments of their answer touching the execution of the instrument under which the plaintiff claimed the title to the land involved passed from his father and mother to himself and sister, Bertha, when the answer was not sworn to. The deed alleged to have been executed by the defendant and her husband, F. C. Laux, was not the foundation in whole or in part of any pleading on the part of the plaintiff; and hence the pleading was not required to be sworn to, and subdivision 8 of article 1265 of the Revised Statutes does not apply. We are unable to see how any instrument which may be offered in evidence can be held to be the foundation of any pleading, unless such instrument be set out or described in the pleading. This was not done by the plaintiff in this suit; and the reference, by the defendants in their answer, to this deed did not aid the petition in this particular. The defendants do not aver the execution of the instrument

in question, but allege that the plaintiff claims that such deed was made, and then proceed to aver the falsity of such claim.

The statute declares that when any instrument in writing, upon which any pleading in whole or in part is founded and charged, by the party pleading, to have been executed by an adverse party, the execution of such instrument can not be denied, unless the denial be supported by the affidavit of the party charged with the execution of the instrument. Clearly this is not an instance where one party has, by the averments in his pleadings, supplied defects in the pleadings of his adversary. And we tnerefore think there was no error in admitting evidence on behalf of defendants for the purpose of impeaching the conveyance in question. The proposition submitted by appellant under the third and fourth assignments, to the effect that a certificate of a proper officer, in complete and proper form, of the acknowledgment of a married woman can not be impeached except for fraud participated in by the grantee, is a correct proposition of law, applied to a case in which the execution of the instrument is granted, and the party who executed it seeks to avoid it on the ground that the officer failed to explain the instrument to the maker. In this case the execution of the instrument is denied by Mrs. Laux, and her answer charges that, if the instrument was executed by her, its execution was procured through the fraud of the plaintiff.

The land in controversy was the community property of the defendant Frederika, and her deceased husband, F. C. Laux, and upon it they established their homestead, and it had remained the home of Frederika up to the time of the trial. She and her husband separated some nine or ten years after they settled upon the land, he making his home ever after with the plaintiff, until his death; the plaintiff, F. C. Laux, Jr., and Bertha were their only children; after the separation the daughter, Bertha, remained with her mother, and apparently managed and controlled the property, renting it out and collecting the rents, and she also paid the taxes upon the same. The son, F. C. Laux, when not absent from the county, which was the case several times, also resided with his mother, and assisted his sister in the management of the estate. He performed labor in erecting permanent and valuable improvements upon the land, besides advancing money for the purchase of some of the material used in making these improvements. The plaintiff on behalf of himself testified to the execution of a deed to the land from his mother and father, in November, 1882, conveying the title to himself and Bertha. The deed being exhibited and put in evidence, the witness testified that the instrument was written by C. Luck, a notary public, and that it was signed by his mother and acknowledged by her before said notary, in his mother's house, in the presence of witness and his sister Bertha, no one else than these, besides the officer, being present; that after the deed was executed and acknowledged by his mother, the notary took the deed and proceeded with witness to witness' residence, and there the deed was signed and acknowledged by his father, before the same officer; whereupon the officer gave the witness the deed, and shortly after the witness

delivered it to the county clerk to be by him recorded. The deed in evidence had the indorsement of the clerk, showing that it was duly recorded in 1882. The instrument was written in English, and several different inks were used in its execution and in writing the certificate of acknowledgment. The body of the instrument and the signature of Mrs. Laux, and the name of Mrs. Laux and her husband written in the certificate, seemed, according to the testimony of the notary, to be in the same ink; the signature of the old man and the indorsements on the deed were written in ink alike, but different from that in which Mrs. Laux's signature was written, as well as that in which her name and that of her husband in the certificate of acknowledgment, and the instrument itself, were written; while the certificate of the officer and his signature were still in another ink.

The notary testified that he frequently wrote his certificates and signed them with his ink before leaving his home, and afterwards would write the deeds to which the certificates previously written appertained. This witness testified that his recollection concerning the matter was very indistinct; he knew Mrs. Laux did not understand the English language; did not think she could read the German language; did not know whether she could write her name or not; he did not remember whether Mrs. Laux signed the deed or not; did not remember whether he saw her sign the deed or not; and did not know whether the deed was signed by Mrs. Laux by writing her name or by her cross-mark. He did not explain the instrument to her further than to tell Mrs. Laux she was deeding her homestead. He did not know where or when he wrote the deed. He took her acknowledgment at her house, and then went to plaintiff's house, three miles distant, and there took his father's acknowledgment, and then delivered the instrument to the plaintiff. The plaintiff also introduced in evidence a deed from himself to Bertha Laux conveying to her one-half interest in the land in controversy, the consideration recited being $1500, —$300 in cash, the receipt of which is acknowledged, and the balance on a credit payable in installments of $200 and secured by six promissory notes executed by the vendee, and payable all by the first of December, 1893; and two of them were paid by the vendee before her death. This deed is dated November 16, 1887, and was acknowledged before the notary Luck, who remembered taking the acknowledgment of plaintiff and his wife, but he never saw any money paid by Bertha.

At the time of the execution of the deed alleged to have been made by Mrs. Laux and her husband to plaintiff and her daughter Bertha, her son F. C. Laux was absent from the county. He testified that he heard of the deed to Bertha about two years after its date, and about the same time he heard of the deed from his parents to Julius and Bertha. He knew that Bertha paid money to Julius several times. She paid in full two of the notes given to Julius; and witness advanced $60 for her on one occasion, which was to have been credited on her notes, which Julius had never done. Bertha had all the property, real and personal, assessed in her name after 1889. She owned some of the personal property,

but not all of it. His mother had continued in peaceable possession of the land all the time, receiving and enjoying the revenue thereof. He never heard of any demand from Julius or anyone else for the possession of the property, or for the rents or the revenues of same, until the institution of this suit. He never saw the deed from his father and mother until some six months after Bertha's death; found it among her effects, and took it to his counsel. He knew what the notes from Bertha were for; he did not know whether his mother knew or not. She knew he thought that Julius had conveyed his interest in the lands to his sister, but did not think she knew what interest Julius claimed in the property. His mother was 88 years of age; she could not read either the German or English language; could not write her name; never knew her to write her name to any paper. When her depositions were taken in this suit she signed them with her cross-mark.

Mrs. Laux testified that she had no recollection of ever signing or acknowledging a deed purporting to have been executed by her and her husband to Julius and Bertha Laux; and if she did sign and acknowledge such an instrument it was not explained to her, as it was never her intention to relinquish her homestead rights in her place during her lifetime. She had no knowledge of the instrument, or of its delivery to anyone; if such instrument exists, and has been placed upon record, it has been done clandestinely without her knowledge or consent, by someone unknown to her. She never relinquished to anyone her right to live upon, enjoy, and control her lands. Bertha Laux never claimed or asserted any right in said lands adverse to hers, but always acknowledged her homestead rights, and so did Julius, prior to the institution of this suit. Bertha lived with her as a member of her family and managed for her, collected the revenues and rents from the place for her, and she gave Bertha whatever she needed. She knew nothing about the notes executed by Bertha to Julius; knew she gave Julius money, but how much or for what she did not know. She did nothing in regard to the deed to Julius and Bertha, as she knew nothing of the deed or of its being recorded.

We have recited substantially all the material evidence upon the issues of the case, and from such evidence the writer is of the opinion that this court would not be justified in saying that the trial judge erred in his conclusion that the defendant Frederika Laux did not execute the deed dated the 13th of November, 1882, purporting to be a conveyance from her and her husband to Julius and Bertha Laux.

The fifth assignment of error is, that the court erred in not rendering judgment for the plaintiff, as prayed for, on the notes sued upon and foreclosure of the vendor's lien upon the interest of Bertha Laux, deceased, in said lands as described in plaintiff's petition. The court had held that the deed purporting to convey the land to Julius and Bertha was never executed by Mrs. Laux, and that the same was void; and if this was so, the court could not properly foreclose a lien on one-half of the land in favor of plaintiff, since the plaintiff nor Bertha had any interest in the land when plaintiff conveyed to her one-half interest in the

tract. But aside from this, and waiving the question whether there were other claims against Bertha's estate than plaintiff's such as would require an administration upon the estate, we are of the opinion that inasmuch as the judgment rendered does not preclude the plaintiff from establishing in another suit any right he may have against her estate on account of the notes sued on, the judgment should not be disturbed, and that the fifth assignment should not be sustained. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

In the opinion delivered upon the decision of this appeal it is erroneously stated that the second assignment of error was not considered by the court, because of its generality. This assignment was considered by every member of the court to be untenable. We have duly considered the appellant's motion for a rehearing and the argument of counsel in support of same, but we are unable to discover any sufficient reason for granting the motion, and it is refused.

*Overruled.*

Writ of error refused.