C. R. WILLIAMS, ALIAS J. R. RAMSEY v. THE STATE.

No. 14378. Delivered November 18, 1931.

The opinion states the case.

*T. B. Ridgell,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is swindling; the punishment, confinement in the penitentiary for two years.

It was alleged in the indictment that appellant secured a promissory note of the value of $74.89 from Mrs. Estelle Harrell by falsely representing to her that he was the agent of the Lamar Life Insurance Company of Jackson, Mississippi, and that he was writing a special policy with certain stipulations designed especially for school teachers. The representations made concerning the conditions in the policy were set forth

in the indictment. The note was set forth in haec verba. It was averred that the injured party, relying upon the representations, made application for a policy of insurance and delivered to appellant the note described in the indictment. It was further averred in the indictment that appellant was not the legal representative of Lamar Life Insurance Company and that the said company was not writing the character of policy appellant represented to the injured party.

It appears from the testimony that appellant made arrangements with the Lamar Life Insurance Company, under the name of J. R. Ramsey,—his true name being C. R. Williams,—to write life insurance for said company. However, appellant failed to receive a permit. Nevertheless, he represented the company in securing applications, and they issued policies upon the applications he sent to the home office. The appellant secured the application of Mrs. Estelle Harrell, the injured party, for an insurance policy. She testified, in substance, that appellant represented to her that the company was writing a policy especially designed for school teachers, and that appellant stated to her that he was representing the Lamar Life Insurance Company. She, in effect, said that appellant made certain statements relative to stipulations contained in the policy the company was writing. She further testified that she delivered to appellant a note for $74.89 when she executed her application for insurance. She said this note was not to be paid until she received her policy. Representatives of the insurance company testified that they were not writing the character of policy described by the witness Mrs. Harrell. They stated that appellant was writing insurance for them, although he had not qualified under the laws of Texas. They said the applications received from appellant were considered, and that in proper cases policies were issued thereon. They testified that Mrs. Harrell's policy had been issued and mailed to appellant, and that Mrs. Harrell had insurance thereunder for a term of twelve months. Mrs. Harrell testified that she had not received the policy. Appellant sent in no part of the premium with Mrs. Harrell's application for insurance. It appears that he sold the note, but the amount he received therefor was not shown. Appellant did not testify.

Although the note is set out in haec verba in the indictment, the only proof found in the record of the description of the note is the testimony of Mrs. Harrell to the effect that she gave appellant a note for $74.89. No further effort to describe the note was made. It appears that the note was available, but was not offered in evidence. We think it was incumbent upon the state, in order to support the allegations in the indictment, to offer the note in evidence, or, in the event it would not be obtained, to offer proof touching the description of same. See Branch's Annotated Penal Code, sec. 2424.

We think the state failed to prove the value of the note. It was not

shown how much appellant received for the note when he sold it. The injured party testified that she was not to pay the note until she received her policy. She, in effect, stated that she did not feel obligated to pay the note. No attempt was made to show that the injured party was financially responsible. It was necessary to both allege and prove the value of the note. See Branch's Annotated Penal Code, sec. 2487.

It is observed that one of the representations made by appellant, alleged to be false, was that he was representing the Lamar Life Insurance Company. It was further averred, in traversing this allegation, that appellant was not authorized by the Insurance Commissioner to act as representative of the Lamar Life Insurance Company. It was shown that appellant was representing the company, whether authorized by the Insurance Commissioner or not, and that he was taking applications for insurance which were being recognized by the company. The opinion is expressed that upon another trial the allegation that appellant falsely represented that he was representative of the Lamar Life Insurance Company should not be submitted to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.